UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 05-383 (RBW) |
| | : | |
| v. | : | |
| | : | |
| **DAVID BUTLER,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby submits this memorandum in aid of the sentencing of defendant David Butler.

### I. FACTUAL BACKGROUND

On November 4, 2005, the defendant pled guilty before this Court to a one-count Information charging him with wire fraud, in violation of 18 U.S.C. §1343.

As set forth in greater detail in the filed Statement of Offense, which was agreed to by the defendant at the time of his plea, Butler, while working as a store manager of several Smithsonian Museum gift shops, accessed the refund transaction function at numerous cash register terminals to credit thousands of dollars to his personal debit card.  Beginning in or about June of 2002, and continuing to the end of 2004, the defendant, on 415 separate transactions involving 1,544 items, entered a refund transaction for merchandise he had never purchased, thereby fraudulently crediting $84,344.22 to his personal USAA Federal Savings Bank Card.  In addition, the defendant, on 62 separate transactions involving 109 items, entered a refund transaction to fraudulently obtain a total of $4,569.52 in cash for the "return" of merchandise that he in fact never purchased.  In sum, as a result of the defendant's scheme to defraud, he received $88,913.74 in fraudulent refund money from

the Smithsonian.

## II.  UNITED STATES SENTENCING GUIDELINES AND THE IMPACT OF BOOKER

The probation officer believes, and the United States concurs, under the applicable advisory United States Sentencing Guidelines, that the defendant's total offense level is twelve and his criminal history category I, with an attendant Guidelines range of ten to sixteen months imprisonment.  PSR, at page 9, ¶ 50.  According to the Presentence Investigation Report, the defendant presently falls within Zone C of the Sentencing Table.  Id., at ¶ 51.

There are no facts involved in the calculation of the defendant's sentence under the United States Sentencing Guidelines that were not admitted by him in his guilty plea.  Accordingly, no Sixth Amendment concerns arise in the calculation of his Guidelines sentence.  Although the Supreme Court held in United States v. Booker, 125 S. Ct. 738 (2005), that the Sentencing Guidelines are no longer mandatory, for the reasons set forth below, the government contends that the appropriate sentence of defendant in this case is one within the range of ten to sixteen months and the government recommends that the defendant be sentenced to the lower end of that range.

In Booker, the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violated the Sixth Amendment principles articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004) and consequently invalidated the statutory provision that made the Guidelines mandatory, Title 18, United States Code, Section 3553(b)(1).  Booker, 125 S. Ct. at 764.  The remaining statutory scheme, set forth in Title 18, United States Code, Section 3553(a), states that a court should consider the following factors in imposing a sentence on a criminal defendant:

(1) the nature and circumstances of the offense and the history and characteristics of the

defendant;

(2) the need for the sentence, as reflected in a) the seriousness of the offense and need for just punishment and respect for law; b) promotion of general deterrence; c) protection of the public; and d) providing for educational, medical and other needs of the defendant;

(3) the types of possible sentences;

(4) the range established for the conduct under the Guidelines;

(5) the policies promulgated by the Sentencing Commission;

(6) ways to fashion a sentence that promote uniformity in sentencing for like offenses and offenders; and

(7) victim restitution.

Although it invalidated the mandatory obligation of the Sentencing Guidelines, the <u>Booker</u> Court importantly and expressly upheld the remainder of the Guidelines as an appropriate benchmark for courts to look to in determining a reasonable sentence for the defendant before it. <u>Booker</u>, 125 S. Ct at 767 ("The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing."). Indeed, the statutory obligation remains for a court wishing to impose a sentence outside the applicable range to state in a written order of judgment and commitment the specific reason for the imposition of a sentence different from that prescribed by the Guidelines. <u>See</u> 18 U.S.C. § 3554(c)(2). The sentence will then be subject to review by a Court of Appeals for "reasonableness." <u>Booker</u>, 125 S. Ct. at 764-66.

Accordingly, a sentence within the Guidelines will, in most, if not all, cases be inherently reasonable and will have adequately taken into account each of the factors enumerated in Section 3553(a). Indeed, the Sentencing Commission formulated the Guidelines only after canvassing prior

sentencing practices and identifying and assigning weights to all of the factors – both aggravating and mitigating – that judges traditionally used in determining an appropriate sentence. See United States Sentencing Comm'n, Supplementary Report on the Initial Guidelines and Policy Statements 16-17 (1987); see also 28 U.S.C. 994(m) (requiring the Commission to "ascertain the average sentences imposed . . . prior to the creation of the Commission"); Comprehensive Crime Control Act of 1984, S. Rep. No. 98-225, at 168 (Commission should produce a "complete set of guidelines that covers in one manner or another all important variations that commonly may be expected in criminal cases"). In light of the Booker Court's continued reliance on the Guidelines, and its history in the calculation of the applicable ranges, the government contends that, absent unusual circumstances under one of the other Section 3553 factors, a defendant's sentence should fall within the Guidelines range as determined by this Court.

### III. ADDITIONAL SENTENCING FACTORS UNDER SECTION 3553(a)

A consideration of the additional sentencing factors under Section 3553(a) supports the conclusion that a sentence within the Guidelines range is appropriate in this case. As provided in greater detail in the Presentence Investigation Report, the defendant had the benefit of a stable and supportive home. The defendant himself concedes that he had "a good middle-class upbrining." PSR, at page 6, ¶ 31. There is no documentation of mental or emotional problems, substance abuse or excessive financial strain. PSR, at pages 7-8, ¶ ¶ 39-40, 44-47. Unlike many defendants who come before this Court for sentencing, the defendant had a secure job, financially rewarding job at a reputable institution at the time he committed the instant offense. He was making $64,000 a year, and was a trusted and valued employee. Although not an extravagant salary, the money the defendant earned was certainly enough to meet his basic needs and that of his family. Greed, and

only greed, is what motivated the defendant to commit the offense that he did. There are no mitigating or exacerbating circumstances, as set forth in the Presentence Investigation Report, to take into account in this case.

In light of the defendant's personal circumstances, the nature and seriousness of the offense, the range of ten to sixteen months imprisonment is a reasonable and appropriate sentence in this case – one that takes into account all of the factors enumerated in Section 3553(a). As this Court is aware, that range, which reflects compiled data on sentencing over time and geography, properly incorporates the need to promote uniformity in sentencing for comparable offenses and comparably situated offenders. For all of the foregoing reasons, the government respectfully recommends that this Court impose a sentence of incarceration at the lower end of the guidelines range of ten to sixteen months as set forth above, in the Presentence Report, and in the plea agreement.

Respectfully submitted,

KENNETH C. WAINSTEIN
UNITED STATES ATTORNEY

By: _____
JEANNIE S. RHEE
ASSISTANT U.S. ATTORNEY
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-9832