UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-383 (RBW) |
| | ) | |
| DAVID BUTLER, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR RELEASE PENDING APPEAL[1]

Defendant, David Butler, was convicted, upon the entry of a guilty plea, to wire fraud, in violation of 18 U.S.C. § 1343.  On November 9, 2006, this Court sentenced Mr. Butler to 5 months incarceration followed by 3 years of supervised release.  As a condition of supervised release, Mr. Butler shall also serve 150 days in home detention in the electronic monitoring program.  On December 15, 2006, this Court ordered that Mr. Butler report to FCI Morgantown to begin serving his sentence on February 6, 2007.

Defendant David Butler, through undersigned counsel, hereby respectfully moves pursuant to 18 U.S.C. § 3141(b) and § 3143(b) for release pending appeal.  Mr. Butler's request for release pending appeal is based on his claim on appeal that the Court did not consider a non-guideline sentence because the Court determined that a variance from the guidelines requires special circumstances.  See Transcript of Sentencing Hearing on 11/9/06, pg. 23.  This Court need not resolve the merits of Mr. Butler's appellate claim in order to release him pending his appeal of that claim.  This Court need only find that his appellate claim raises a "substantial

---

[1] Undersigned counsel, on numerous occasions, attempted to contact the Assistant United States Attorney Jim Flood, who handled the sentencing in this case, to ascertain the government's position on this motion.  Unfortunately, a voice mail message could not be left because the automated voice messaging system indicated that his mailbox was full.

question of law." Defendant respectfully submits that the appeal does raise such a question, for the reasons stated below.

## BACKGROUND

On November 9, 2006, this Court sentenced Mr. Butler to 5 months incarceration followed by 3 years of supervised release. As a condition of supervised release, Mr. Butler shall also serve 150 days in home detention in the electronic monitoring program. This Court in imposing a guideline sentence determined that "special circumstances" are required when a sentence outside of the guidelines is imposed. See Transcript of Sentencing Hearing on 11/9/06, pg. 23.

Although the Supreme Court has held that the Guidelines are no longer mandatory, the Guidelines continue to embody national policy goals of uniformity that courts should seek to uphold in formulating reasonable sentences. United States v. Booker, 125 S.Ct. 738, 761 (2005) In sentencing the defendant, however, this Court declined to sentence him below the sentencing guidelines without the defendant presenting special circumstances. The issue on appeal is whether or not special circumstances are required in fashioning a reasonable sentence under 18 U.S.C. § 3553(a). The Supreme Court in Claiborne v. United States, 127 S.Ct. 551 (2006) granted certiorari to decide whether a variance from the guidelines range must be justified by extraordinary circumstances, which Mr. Butler submits will be instructive to his appellate issue.

A.     THE LEGAL STANDARD FOR RELEASE PENDING APPEAL.

Mr. Butler's request for release from custody pending his appeal is governed by 18 U.S.C. § 3143(b)(1), which provides that a court shall order release pending appeal if it finds

(A) by clear and convincing evidence that the person is not likely to flee or pose a

  danger to the safety of any other person or the community if released . . . ; and
  (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in --
   (I) reversal,
   (ii) an order for a new trial,
   (iii) a sentence that does not include a term of imprisonment, or
   (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Mr. Butler poses no risk of flight nor does he pose any danger to the community. Mr. Butler was released on his own recognizance by this Court on November 4, 2005, and for over a year has reported to this Court as required. Further, this Court ordered that Mr. Butler voluntarily surrender to the Bureau of Prisons.

**B. MR. BUTLER'S APPEAL IS NOT FOR THE PURPOSE OF DELAY AND RAISES A SUBSTANTIAL QUESTION OF LAW**

By the signature of counsel below, Mr. Butler verifies that this appeal is taken in good faith and not for purposes of delay. Because the appeal is not for purposes of delay and Mr. Butler presents no issue of dangerousness or potential flight, the only question is whether his appeal raises a "substantial question of law" within the meaning of § 3143(b). A "substantial question" is "'a close question or one that very well could be decided the other way.'" United States v. Perholtz, 836 F.2d 554, 555 (D.C. Cir. 1987) (per curiam) (quoting United States v. Bayko, 774 F.2d 516, 523 (1st Cir. 1985)). This standard does not require that the Court find that it is likely to be reversed before it may grant release pending appeal. See Bayko, 774 F.2d at 522-23. Rather, the Court is to "evaluate the difficulty of the question" on appeal, United States v. Shoffner, 791 F.2d 586, 589 (7th Cir. 1986), and grant release pending appeal if it determines that the question is a close one that may very well be decided in the defendant's favor.

In this case, the defense respectfully submits that the question for appeal is a substantial one. In determining Mr. Butler's sentence, this Court determined that Mr. Butler did not have "special circumstances" that would allow for a sentence outside the applicable guideline range. Further, Mr. Butler submits that the Supreme Court decision in <u>Claiborne v. United States</u>, 127 S.Ct. 551 (2006) will be instructive to his issues on appeal. The Supreme Court granted certiorari in <u>Claiborne</u> on November 3, 2006, to decide whether a substantial variance from a guideline range must be justified by extraordinary circumstances. Mr. Butler's submits that "extraordinary circumstances" and "special circumstances" are similar and therefore the opinion in Claiborne will be extremely important to the outcome of Mr. Butler's appeal. However, since certiorari was just granted two months ago, it is very unlikely that an opinion will be issued before the completion of Mr. Butler's term of incarceration.

Since Mr. Butler's term of incarceration is five months, with a voluntary surrender date of February 6, 2007, Mr. Butler will be released from the custody of the Bureau of Prisons on or about July 6, 2007. If Mr. Butler is not granted release pending his appeal, it is very likely that he will have served his entire term of incarceration before the Supreme Court issues its opinion in <u>Claiborne</u>. Therefore, David Butler requests that the time period in which he is to report to the Bureau of Prisons be extended and that he be allowed to remain on his current release conditions pending the outcome of his appeal.

Further, if this Court determines that a hearing on this motion is necessary, Mr. Butler requests that such hearing be held on or before February 1, 2007, prior to his surrender date to the Bureau of Prisons on February 6, 2007.

WHEREFORE, defendant David Butler respectfully requests that this Court grant this

motion and issue the attached proposed Order.

                                    Respectfully submitted,

                                    A.J. Kramer
                                    FEDERAL PUBLIC DEFENDER

                                    /s/
                                    Dani Jahn
                                    Assistant Federal Public Defender
                                    625 Indiana Ave., N.W., Suite 550
                                    Washington, D.C.  20004
                                    (202) 208-7500 ex. 135