UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Cr. No. 05-383 (RBW) |
| v. | : | |
| | : | |
| DAVID BUTLER | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

GOVERNMENT'S OPPOSITION TO
MOTION FOR RELEASE PENDING APPEAL

The United States of America ("the government"), by and through its attorney, the United

States Attorney for the District of Columbia, hereby submits its opposition to defendant Butler's

Motion for Release Pending Appeal.  The defendant argues that the motion should be granted

pursuant to 18 U.S.C. §§ 3141 (b) and 3143(b).[1]  The government submits that the burden of

Sections 3141 and 3143 is not met by the defendant in this case and the motion should be denied.

The principal argument made by the defendant is that the court must release him under

Section 3143(b)(B) because his "appeal is not for the purpose of delay and raises a substantial

question of law or fact likely to result in (I) reversal, (ii) an order for a new trial, (iii) a sentence

---

[1]    Section 3141(b) provides that a district court judge handling the matter or
appellate judge shall order that "pending an appeal of conviction or sentence, a
person be released or detained under this chapter."  Section 3143(b) provides that
a defendant who has been sentenced to a term of imprisonment and filed an
appeal shall be detained unless the judge finds one of two things - (A) risk of
flight or danger to the community by clear and convincing evidence; or (B) "that
the appeal is not for the purpose of delay and raises a substantial question of law
or fact likely to result in - (I) reversal, (ii) an order for a new trial, (iii) a sentence
that does not include a term of imprisonment, or (iv) a reduced sentence to a term
of imprisonment less than the total of the time already served plus the expected
duration of the appeal process."

that does not include a term of imprisonment, or (iv) a reduced sentence to a term of

imprisonment less than the total of the time already served plus the expected duration of the

appeal process." See 18 U.S.C. § 3143(b)(B).

The defendant specifically alleges that his appeal raises a "substantial question of law."

The "substantial question of law" is whether or not by using the expression "special

circumstances" in its discussion with the defendant during his allocution at sentencing, the Court

inappropriately imposed the requirement that "special circumstances" be found before the Court

can give a non-Sentencing Guidelines sentence.  In short, did the Court improperly impose a new

requirement on the requirement in United States v. Booker, 543 U.S. 220 (2005), that a criminal

sentence simply be "reasonable."

The government submits that the defendant has failed to raise a "substantial question of

law" for several reasons.

First, the Court's sentence in this case ultimately followed the "reasonableness" test of

Booker after appropriately considering the Sentencing Guidelines, the Section 3553 factors, the

arguments of counsel and the defendant's allocution.   The Court specifically stated, at the exact

moment of sentencing, that it was imposing "an appropriate and reasonable sentence."  The full

statement of the Court at that moment was as follows:

> Considering all of the factors and the appropriate thing to do, I just can't say that
> giving you a sentence other than what the low end of the Guidelines provide for
> would be an appropriate and reasonable sentence.  And, accordingly, I will
> sentence you to a period of ten months - I'm sorry - a period of five months in
> prison, and I will waive the imposition of any fine in light of the fact that you
> have got these other financial obligations, including the restitution obligation.

Transcript of Sentencing Hearing at p. 25, lines 20-25 (emphasis added). Even prior to that, the

Court appropriately stated that:

> So I would have to conclude that, considering the Guidelines, which do provide a guide for what a <u>reasonable sentence</u> is, and considering the factors in the United States Code that I have to consider, I do think that considering the number of times that you did this and the amount of money you took, that punishment has to be imposed.

<u>Id</u>. at p. 25, lines 8-14 (emphasis added).

Second, to the extent that the Court used the expression "special circumstances," it did

not appear to be intended to alter or negate the "reasonableness" standard. Rather, it was simply

the Court's shorthand way of articulating that the facts particular to the defendant did not change

the Court's view that the reasonable sentence was a Guidelines sentence. For example, the Court

rejected the notion that the defendant's personal family responsibilities made a non-Guidelines

sentence more reasonable when it stated:

> And I just don't see the <u>special circumstances</u> that would justify me giving you something other than what I would give somebody if they appeared before me and didn't have the responsibilities that you have.
>
> You know, it is just unfortunate that you didn't think about your wife, and you didn't think about your kids, and you didn't think about your mortgage and all of those good things that you should be doing in your life when you did these things.

<u>Id</u>. at 24, lines 24-25 and 25, lines 1-2 (emphasis added). This was further elaborated in pages 23

and 24 of the Sentencing Hearing Transcript, where the Court essentially told the defendant that

personal responsibilities do not excuse criminal conduct and justify a wide variance in sentences

in the criminal justice system, one of the exact problems which the Sentencing Guidelines were

designed to correct, and one of the reasons why the Guidelines are still deemed reasonable post-

<u>Booker</u>.

Here again, the Court articulated its view that the Guidelines are often the most "reasonable" sentence by using the phrase "special circumstances" in a general sense. Specifically, the Court stated that:

> And I do firmly believe that we have to have a bench mark for what is perceived at least to be fair. And I think the Guidelines provide that guidepost, and I do think that it is appropriate in <u>special circumstances</u> to go outside the guidelines and give something less than a guideline sentence, but I do think there should be <u>special circumstances</u> that justify that.

<u>Id</u>. at 23, lines 14-20 (emphasis added).

Third, the defendant's reliance on <u>U.S. v. Claiborne</u>, 439 F.3d 479 (8th Cir. 2006), <u>rehearing and rehearing en banc denied</u> (April 27, 2006), <u>cert granted</u>, 127 S. Ct. 551 (November 3, 2006) because the Supreme Court has agreed to hear the case is inapposite. The Supreme Court has agreed to address two issues not directly relevant to this case - (1) "was the district court's choice of below-Guidelines sentence reasonable?" and (2) "in making that determination, is it consistent with <u>Booker</u> [citation omitted] to require that a sentence which constitutes a substantial variance from the Guidelines be justified by extraordinary circumstances?." Neither is the direct question at issue in this case.

In <u>Claiborne</u>, the Eighth Circuit agreed with the Seventh Circuit that for a downward variance from the Guidelines range, a judge must offer appropriate justification and that "[h]ow compelling the justification must be is proportional to the extent of the difference between the advisory range and the sentence imposed." <u>Id.</u> at 481. The Court therefore concluded that since the district court did not have "extraordinary circumstances," it should not have granted a 60% downward variance in sentence, or what the Court referred to as an "extraordinary variance."

But the Court did not require that where there is a "minor" variance between a Guidelines and non-Guidelines sentence, as there was arguably in this case, the Court must give the non-Guidelines sentence. In fact, to the contrary, the Court cited Booker and reiterated that in the post-Booker environment a judge can and should give a sentence based on a review of the Guidelines and Section 3553 factors. Id. The Court noted that, if the district judge found no appropriate Section 3553 factors dispositive, as here, the judge was not required to vary from the Guidelines. Similarly, the Court noted that once the a district judge has considered the Guidelines and Section 3553 factors, "[a] 'range of reasonableness' is within the court's discretion." Id., quoting United States v. Saenz, 428 F.2d 1159, 1165 (8th Cir. 2005). The Court simply exercised that discretion in this case.

Regardless of the Supreme Court's ruling on whether "extraordinary circumstances" are required for an "extraordinary variance," or lesser circumstances for a lesser variance, a Court is still free to find that the Guidelines sentence is a reasonable sentence. That is exactly what the Court did in this case.

Finally, the Court's use of the phrases "special circumstances" may also have been nothing more than a use of the language of the departure provision in the Section 5K2.0, which type of departure the defendant apparently sought in hearing prior to the sentencing on November 9, 2006. Defense counsel stated at sentencing that she had asked the Court about a Section 5K2.0 departure at a prior hearing, but that the Court had indicated it was disinclined to grant it. Section 5K2.0 talks about "identified circumstances," "unidentified circumstances," "multiple circumstances" and uses various permutations of an adverb with the word "circumstances" which may have led the Court at this sentencing to discuss its determination that a Guidelines

sentence was reasonable using the vernacular of Section 5K2.0.  Here again, the main point is

that the Court's ultimate language at the point of imposing an actual sentence was focused on the

term "reasonable" and not on "special circumstances."

In conclusion, the government submits that the Court properly considered the Sentencing

Guidelines, Section 3553 factors, the arguments of counsel, and the defendant's allocution and

imposed a sentence which was "reasonable" and proper under Booker, a sentence under the

United States Sentencing Guidelines.   Therefore, the defendant has not raised a "substantial

question of law" which would lead to a reversal, a new trial, a sentence of non-imprisonment or a

reduced sentence and the Motion for Release Pending Appeal should therefore be denied.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. BAR # 498610

By:      _____

JAMES G. FLOOD (D.C. Bar #945435)
Assistant United States Attorney
for the District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530
Phone: (202) 514-7131

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing was served by ECF filing upon the following counsel of record on the 19th of February 2007:

Dani Jahn, Esq.
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
Phone: (202) 208-7500 x. 135
E-mail: Dani_Jahn@fd.org

_____

_____ JAMES G. FLOOD
ASSISTANT U.S. ATTORNEY