UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-383 (RBW) |
| | ) | |
| DAVID BUTLER, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY MOTION TO GOVERNMENT'S OPPOSITION
TO MOTION FOR RELEASE PENDING APPEAL**[1]

Defendant, David Butler, through undersigned counsel, respectfully submits the following reply to the Government's Response to the Defendant's Motion for Release Pending Appeal.

**ARGUMENT**

The government argues that Mr. Butler has failed to raise a substantial question of law that would allow him to remain on release pending the outcome of his appeal. In making this argument, the government cites to the "reasonableness" test of Booker after considering the federal sentencing guidelines and the factors of 18 U.S.C. § 3553(a). Specifically, the government points to language of this Court indicating that the guidelines provide a guide for reasonable sentences. See Transcript of Sentencing Hearing on 11/9/06, at pg. 25. However, on November 3, 2006, the Supreme Court in Rita v. United States, 127 S.Ct. 551 (2006) granted certiorari to decide three questions relevant to the government's reasonableness argument.

---

[1] Alternatively, the defendant requests that his reporting date to FCI Morgantown be extended. He is currently scheduled to report on February 6, 2007. Also, undersigned counsel has been recently advised by the defendant that if he maintains his employment until March 15, 2007, he will receive an annual bonus that will have a significant financial impact on his two children and part-time working spouse. If he is not employed up and until March 15, 2007, he will not be eligible for a bonus.

The Supreme Court has agreed to address three issues directly relevant to the government's argument: (1) "was the district court's choice of within-Guideline sentence reasonable?;" (2) "in making that determination, is it consistent with United States v. Booker, 543 U.S. 220 (2005), to accord a presumption of reasonableness to within-Guidelines sentences?;" and (3) "if so, can that presumption justify a sentence imposed without an explicit analysis by the district court of the 18 U.S.C. § 3553(a) factors and any other factors that might justify a lesser sentence?"

After consulting the appellate section of the Federal Public Defender's Office, this issue will also be raised in the defendant's appeal in light of the various statements made by this Court in determining a "reasonable" sentence. Mr. Butler submits that Rita will establish controlling precedent that is likely to affect the legal standards applicable to this appeal. However, since certiorari in Rita was granted on November 3, 2006, it is very unlikely that an opinion in this case will be issued before the summer months. As the Court is aware, Mr. Butler's term of incarceration is five months and if he is not granted an extension of time to report to the Bureau of Prisons nor granted release pending appeal, it is very likely that he will have served his entire term of incarceration before the Supreme Court issues its opinion in Rita.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Mr. Butler respectfully moves this Honorable Court to issue the previously submitted proposed order.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C. 20004
(202) 208-7500