UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 2 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.                      ) | Criminal Action No. 05-383 (RBW) |
| ) | |
| DAVID BUTLER,           ) | |
| ) | |
| Defendant.       ) | |

**ORDER**

Currently before the Court is the defendant's Motion for Release Pending Appeal pursuant to 18 U.S.C. §§ 3141(b) and 3143(b) (2000). In this motion, the defendant argues that his appellate claim—that "[this] Court did not consider a [sentence outside the parameters of the Federal Sentencing Guidelines] because the Court determined that a variance from the guidelines requires special circumstances"—raises a "substantial question of law" that is likely to result in a new trial or in reversal or reduction of the defendant's sentence upon appeal. Motion at 1; see id. at 2 (asserting that this Court "determined that 'special circumstances' are required when a sentence outside the guidelines is imposed") (citation omitted); see also 18 U.S.C. § 3143(b) (permitting a defendant to be released pending appeal if the Court finds, inter alia, "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal; (ii) an order for a new trial; (iii) a sentence that does not include a term of imprisonment; or (iv) a reduced sentence").

1

The Court disagrees that the defendant's appeal "raises a substantial question of law . . . likely to result in" a new trial or in reversal or reduction of the defendant's sentence. 18 U.S.C. § 3143(b). Specifically, the Court believes that it is clear from the transcript of the sentencing hearing that it evinced no intent to carve out a new standard by its use of the phrase "special circumstances" when considering the defendant's sentence. Rather, the Court found simply that a sentence within "the low end of the [Sentencing] Guidelines . . . would be an appropriate and reasonable sentence," Transcript at 25, and that the defendant had presented no circumstances—whether special, exceptional, notable, or otherwise—that would justify a wholesale departure from the Guidelines' parameters, considering the extent and nature of the defendant's criminal activity, the amount of money involved in the defendant's crime, and the other relevant factors set forth in 18 U.S.C. § 3553(a) (2000), id. at 24-25. That is, the Court viewed the Sentencing Guidelines as "provid[ing] a guidepost" as to what constitutes a reasonable sentence, id. at 23, and expressed its belief that there were no factors present in this case that would make a below-Guidelines sentence appropriate or reasonable, id. at 25. See also id. (stating that the Sentencing Guidelines "provide a guide for what a reasonable sentence is, . . . [given] the factors in the United States Code that [also must be] consider[ed]"). This approach is perfectly consistent with the requirement that judges "take account of the Guidelines together with other sentencing goals" and impose a reasonable sentence upon each defendant. United States v. Booker, 543 U.S. 220, 259 (2005); see also id. at 261-63 (stating that statutory factors and other considerations set forth a "reasonableness standard" regarding the imposition of sentences). Accordingly, it is hereby

**ORDERED** that the defendant's Motion for Release Pending Appeal is DENIED.

2

**SO ORDERED** this 23rd day of January, 2007.

_____
REGGIE B. WALTON
United States District Judge