UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| vs. ) | Cr. No. 05-383 (RBW) |
| ) | |
| **DAVID BUTLER,** ) | |
| ) | |
| **Defendant.** ) | |

**EMERGENCY MOTION FOR TEMPORARY SUSPENSION OF
ELECTRONIC HOME MONITORING FOR EMPLOYMENT PURPOSES**

Undersigned counsel, respectfully moves this Court to Temporarily Suspend defendant, David Butler's, condition of Electronic Home Monitoring beginning Monday, August 13, 2007, until Thursday, August 16, 2007.

As grounds for this motion, counsel states:

1.      David Butler, was convicted, upon the entry of a guilty plea, to wire fraud, in violation of 18 U.S.C. § 1343.  On November 9, 2006, this Court sentenced Mr. Butler to 5 months incarceration followed by 3 years of supervised release.  As a condition of supervised release, Mr. Butler shall also serve 150 days in home detention in the electronic monitoring program.  On December 15, 2006, this Court ordered that Mr. Butler report to FCI Morgantown to begin serving his sentence on February 6, 2007.

2.      After serving a five month sentence, on July 6, 2007, Mr. Butler was released from FCI Morgantown.  Upon his return to the community, Mr. Butler was able to re-secure his employment with Washington Sport Clubs as the area sales manager for the Washington, D.C. metropolitan area.  Beginning on July 9, 2007, Mr. Butler has been employed as the area sales manager for the D.C. region.  This information was verified by undersigned counsel via a phone

call to the director of the human resources department at Washington Sports Clubs. As a condition of his employment, Mr. Butler has to attend quarterly meetings at the corporate office in New York City, New York, for training and meetings.

3. On July 24, 2007, Mr. Butler was placed into the electronic monitoring program of U.S. Probation. His supervising officer is U.S. Probation Officer Danny Thomas. Mr. Thomas is aware that Mr. Butler's employment requires travel on a quarterly basis to New York as a condition of his employment. Mr. Thomas informed Mr. Butler that a temporary suspension would have to be approved and ordered by the Court in order for Mr. Butler to travel to New York for employment purposes.

4. On August 8, 2007, Mr. Butler was informed by his supervisors at Washington Sports Club that a quarterly meeting has been scheduled in New York. The quarterly financial meeting and district manager training is to take place on Monday, August 13, 2007, at their corporate locations at 30 Wall Street, New York, New York, and 5 Pennsylvania Avenue, New York, New York. The meetings will begin mid-day on Monday, August 13, 2007, and will end close of business on Thursday, August 16, 2007. While attending the quarterly meeting, Mr. Butler will be staying at the Embassy Suites Hotel located at 102 North End Avenue, New York, New York. In addition, Mr. Butler will be traveling via Amtrak train to/from Union Station/Penn Station.

5. On account of Mr. Butler's required attendance at the quarterly meeting of his employer, Washington Sports Clubs, undersigned requests that the Court temporarily suspend the electronic monitoring condition of his supervised release from Monday, August 13, 2007, until his return to the D.C. area on Thursday, August 16, 2007.

6. Undersigned counsel has been informed that the Assistant United States Attorney previously assigned to this case, Jim Flood, is no longer an employee with the U.S. Attorney's office. Therefore, no position from the government was able to be ascertained prior to the filing of this emergency request. Further, a voicemail message was left for U.S. Probation Officer Danny Thomas.

Wherefore, undersigned counsel respectfully requests the Court to grant Mr. Butler's Motion to Temporarily Suspend Electronic Home Monitoring until the April 21st Hearing.

Respectfully submitted,

A.J. Kramer
FEDERAL PUBLIC DEFENDER

 /s/
Dani Jahn
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500 ex. 135